ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 9, 2007

The Honorable Jesusa Sanchez-Vera
Jim Wells County Attorney
Post Office Drawer 2080
Alice, Texas 78333

Opinion No. GA-0529

Re: Whether Texas Constitution article III, section 52-a and Local Government Code section 380.001 authorize a city to make a loan to a private developer to fund a private housing project (RQ-0535-GA)

Dear Ms. Sanchez-Vera:

You ask about the validity of "action taken by the City Council of the City of Alice, Texas [the "City"] approving a commitment for a loan to a private developer for a private housing project . . . under the Texas Constitution, Texas Local Government Code [s]ection 380.001 *et seq.*, the ordinance adopted under such statutory provision and the City Charter."[1] You suggest that the City Council was not authorized to approve the loan commitment because Texas Constitution article III, section 52-a and section 380.001, enabling legislation under the constitutional amendment authorizing municipal loans and grants for economic development purposes, do not authorize loans for housing purposes. *See* Request Letter, *supra* note 1, at 4–6. You also suggest that the City Council's action did not conform to the requirements of the City's economic development program ordinance and the City's home rule charter. *See id.* at 7–9.

Our analysis of the issues you raise is necessarily limited. Whether specific laws or charter or ordinance provisions were violated in particular circumstances is a question requiring the determination of facts that cannot be answered in an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0431 (2006) at 2 (declining to determine whether specific laws or charter provisions were violated). Additionally, such a question requires construing the particular charter and ordinance with respect to the facts; this office does not ordinarily construe city charters and ordinances. *See id.*; Tex. Att'y Gen. Op. No. GA-0449 (2006) at 1 ("In deference to municipal officials' authority to interpret their charters and ordinances, this office does not ordinarily construe city charters or ordinances."). Consequently, we consider here only whether the City is authorized under article III, section 52-a and section 380.001 to make a loan for the development of a housing project.

---

[1]*See* Letter from Honorable Jesusa Sanchez-Vera, Jim Wells County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Sept. 25, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

Article III, section 52-a of the Texas Constitution permits the Legislature to authorize expenditure of public funds for economic development purposes and provides, in relevant part, as follows:

> Notwithstanding any other provision of this constitution, *the legislature may provide for the creation of programs and the making of loans and grants of public money . . . for the public purposes of development and diversification of the economy* of the state, the elimination of unemployment or underemployment in the state, the stimulation of agricultural innovation, the fostering of the growth of enterprises based on agriculture, or the development or expansion of transportation or commerce in the state.

TEX. CONST. art. III, § 52-a (emphasis added). This constitutional amendment establishes that programs fostering economic growth or loans and grants of public funds to assist private businesses to foster economic growth serve a public purpose. *See id.*; Tex. Att'y Gen. Op. No. JC-0092 (1999) at 8; *see also* TEX. CONST. art. III, § 52(a) (prohibiting political subdivisions, including cities, from lending their credit or granting public money to individuals, corporations, and associations); Tex. Att'y Gen. Op. No. JM-1227 (1990) at 3 (stating that article III, section 52-a was intended to create exceptions to the constitutional prohibition on lending of public credit).

Pursuant to the authority granted by article III, section 52-a, the Legislature enacted Local Government Code section 380.001. *See* TEX. LOC. GOV'T CODE ANN. § 380.001(a) (Vernon 2005); *see also* Tex. Att'y Gen. Op. No. DM-185 (1992) at 4–5 (discussing the legislative history of section 380.001 and stating that it implements article III, section 52-a). Section 380.001(a) provides in relevant part as follows:

> The governing body of a municipality *may establish and provide for the administration of one or more programs, including programs for making loans and grants of public money* and providing personnel and services of the municipality, to promote state or local economic development and to stimulate business and commercial activity in the municipality.

TEX. LOC. GOV'T CODE ANN. § 380.001(a) (Vernon 2005) (emphasis added).

You contend that because article III, section 52-a and section 380.001 do not expressly reference housing, they do not authorize loans for the development of housing projects. *See* Request Letter, *supra* note 1, at 5. Article III, section 52-a broadly authorizes the Legislature to "provide for the creation of programs and the making of loans and grants of public money" that will develop and diversify the economy, reduce unemployment, or develop commercial activity (collectively, "economic development"). *See* TEX. CONST. art. III, § 52-a. The amendment does not reference *any* programs or measures; it merely requires that the legislatively authorized programs or measures promote economic development. *See id.*; *see also* Tex. Att'y Gen. Op. No. DM-185 (1992) at 6

("The legislature intended article III, section 52-a . . . and section 380.001 . . . to authorize municipalities to implement a range of programs designed to promote economic development.").

Like article III, section 52-a, section 380.001 broadly permits a city's governing body to make "loans and grants of public money" for purposes that will promote economic development. *See* TEX. LOC. GOV'T CODE ANN. § 380.001(a) (Vernon 2005). The statute does not, by its terms, limit loans and grants of public money to particular purposes or projects, but only requires that they promote economic development. *See id.*; *see also* Tex. Att'y Gen. Op. No. DM-185 (1992) at 5 ("The legislature did not expressly instruct what such [an economic development] program would be."). Furthermore, we have not found and you do not cite to any authority holding that housing projects, as a matter of law, do not promote economic development. Whether a particular housing project will promote economic development is a question of fact for a city's governing body to determine in the first instance, subject to judicial review. *Cf.* Tex. Att'y Gen. Op. No. JC-0362 (2001) at 5 ("the determination of whether a particular project will promote the economic development purposes of [the Development Corporation Act of 1979] is, in general, a question of fact within the discretion of the board of directors of the development corporation in the first instance").

Thus, in answer to your question, we conclude that article III, section 52-a and section 380.001 authorize a city to make a loan for a housing project if the project will promote economic development within the meaning of these provisions.

## S U M M A R Y

Texas Constitution article III, section 52-a and Local Government Code section 380.001 authorize a city to make a loan for a housing project if the project will promote economic development within the meaning of these provisions.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee